IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSLYN M. JOHNSON, Individually §
and as Executrix for the Estate §
of RODNEY JOHNSON, Deceased, §
§
        Plaintiff, §
§
v. §   CIVIL ACTION NO. H-12-2786
§
CITY OF HOUSTON, §
§
        Defendant. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joslyn M. Johnson, Individually and as Executrix for the Estate of Rodney Johnson, Deceased ("Johnson") brought this suit against Defendant City of Houston ("Houston") in the 125th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2008-53919. Houston timely removed the action to this court. Pending before the court is Johnson's Motion for Remand (Docket Entry No. 3). For the reasons explained below, the court will grant the motion.

**I.  Background**

The decedent, Rodney Johnson, was employed as a police officer with the Houston Police Department.[1] In the course of making a

---

[1] Plaintiff's Seventh Amended Petition ("Amended Petition"), Ex. 60 to Defendant City of Houston's Second Notice of Removal ("Notice of Removal"), Docket Entry No. 1-61, ¶ 6; Notice of Removal, Docket Entry No. 1, ¶ 2.

traffic stop and arrest in the line of duty on September 21, 2006, Rodney Johnson was shot and killed by the individual he had arrested.[2]  He is survived by his widow, Joslyn M. Johnson.[3] Houston is covered by a workers' compensation program.[4]

Johnson filed her Amended Petition in state court on September 4, 2012.[5]  Johnson asserts that the state court "has jurisdiction pursuant to the Texas Labor Code."[6]  In her first cause of action Johnson alleges that Houston failed to implement policies to safeguard police officers from harm during the performance of routine traffic stops and other duties.[7]  Johnson contends that this failure constituted gross negligence under TEX. CIV. PRAC. & REM. CODE § 41.001.[8]  Johnson alleges in her second cause of action that Houston adopted official policies that prohibited officers from contacting Immigration and Customs Enforcement ("ICE") to obtain or provide information about the immigration

---

[2] Amended Petition, Ex. 60 to Notice of Removal, Docket Entry No. 1-61, ¶ 11; Notice of Removal, Docket Entry No. 1, ¶ 2.

[3] Amended Petition, Ex. 60 to Notice of Removal, Docket Entry No. 1-61, ¶ 2; Notice of Removal, Docket Entry No. 1, ¶ 2.

[4] Defendant City of Houston's Opposed Response to Plaintiff's Motion to Remand ("Response"), Docket Entry No. 6, ¶ 4.

[5] Amended Petition, Ex. 60 to Notice of Removal, Docket Entry No. 1-61, ¶¶ 18-22.

[6] Id. ¶ 6.

[7] Id. ¶ 18.

[8] Id. ¶¶ 19-20.


status of persons encountered in the line duty.[9] Johnson contends that these policies deprived Rodney Johnson of his First Amendment right to freedom of expression and violated his right under 8 U.S.C. §§ 1373 and 1644 to contact ICE to obtain or provide information about a person's immigration status.[10] Johnson seeks to recover damages suffered as a result of the loss of her husband, as well as exemplary damages.[11]

Houston removed the action to this court on September 17, 2012, asserting federal jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1441.[12] Houston argues that federal question jurisdiction exists because Johnson brings a claim based on violations of federal rights.[13] On October 8, 2012, Johnson moved to remand, arguing that the action arises under Texas workers' compensation law and is therefore not properly removable.[14] Houston responded on October 25, 2012, arguing that removal was proper.[15]

## II. Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district

---

[9] Id. ¶ 22.

[10] Id.

[11] Id. ¶¶ 23-24.

[12] Notice of Removal, Docket Entry No. 1, ¶ 4.

[13] Id.

[14] Motion for Remand, Docket Entry No. 3, ¶¶ 9-12.

[15] Response, Docket Entry No. 6, ¶¶ 6-9.

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that subject matter jurisdiction exists and that the removal procedure was properly followed. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Removal jurisdiction depends on the plaintiff's state court pleadings at the time of removal. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003). Ambiguities or doubts are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723.

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if it appears from the face of a well-pleaded complaint that the cause of action is created by federal law. See American Well Works Co. v. Layne & Bowler Co., 36 S. Ct. 585, 586 (1916) (Holmes, J.) ("A suit arises under the law that creates the cause of action.").

To remove a case on the basis of federal question jurisdiction it is therefore necessary that the plaintiff's complaint allege a claim "arising under" federal law. See 28 U.S.C. § 1441; Beneficial Nat'l Bank, 123 S. Ct. at 2062. But what is necessary is not always sufficient. Congress has deemed certain actions "nonremovable" even if federal jurisdiction would otherwise exist. Under 28 U.S.C. § 1445(c) "[a] civil action in any State court

arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." For purposes of § 1445(c) a claim "arises under" the workmen's compensation laws if state workers' compensation law creates the cause of action. Sbrusch v. Dow Chemical Co., 124 F. Supp. 2d 1090, 1091 (S.D. Tex. 2000); see also Patin v. Allied Signal, 77 F.3d 782, 787 (5th Cir. 1996) ("[T]he 'arising under' standard expressed in § 1445(c) should be interpreted broadly and in a manner consistent with our interpretation of that standard under § 1331 . . . ."). The removal of a state workers' compensation claim is prohibited even if jurisdiction is based on diversity or federal question. Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1118-19 (5th Cir. 1998).

### III. Analysis

#### A. Nonremovable Claim

The court first addresses whether Johnson brings a claim arising under Texas workers' compensation law.[16] Johnson asserts in her Amended Petition that Houston's gross negligence -- i.e., the failure to implement policies to safeguard officers in the performance of routine duties -- was the proximate cause of her husband's death.[17] Johnson argues in her Motion for Remand that remand is appropriate because her suit "is clearly a civil action

---

[16]The Texas Workers' Compensation Act is located in TEX. LAB. CODE §§ 401-419.

[17]Id. ¶ 19.

based on the death of Rodney Johnson occurring during the course and scope of this employment pursuant to the Texas Labor Code."[18]

Section 408.001 of the Texas Labor Code provides:

(a) Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

(b) This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

TEX. LAB. CODE § 408.001(a) and (b). District courts within the Fifth Circuit have concluded that section 408.001(b) creates a cause of action for gross negligence and exemplary damages, and that such a cause of action "arises under" Texas workers' compensation law within the meaning of 28 U.S.C. § 1445(c). See, e.g., Del Carmen Esparza v. Jozwiak, 391 F. Supp. 2d 504, 508 (E.D. Tex. 2005); Sbrusch, 124 F. Supp. 2d at 1091-92; Wyble v. E.I. DuPont de Nemours & Co., 17 F. Supp. 2d 641, 645 (E.D. Tex. 1998). The court agrees and therefore concludes that TEX. LAB. CODE § 408.001(b) creates Johnson's cause of action. Johnson seeks to recover exemplary damages for the death of her spouse, Rodney Johnson, an employee whose death Johnson alleges was caused by his employer's gross negligence. Johnson's gross negligence claim

---

[18]Motion for Remand, Docket Entry No. 3, p. 6 ¶ 15.

therefore "arises under" the Texas "workmen's compensation laws." Consequently, 28 U.S.C. § 1445(c) prohibits removal.

**B. Remand of the Entire Action**

The removal statutes speak of the removal of "civil actions." See, e.g., 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . ."); 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed . . . ."). The entire action is therefore removable or nonremovable; individual claims may not be removed. Accordingly, 28 U.S.C. § 1445(c) prevents the removal of the entire civil action when the plaintiff brings a cause of action that "arises under" the "workmen's compensation laws." Houston's removal was therefore improper, regardless of whether Johnson's second cause of action "arises under" federal law for purposes of 28 U.S.C. § 1331 because the gross negligence claim renders the "civil action" nonremovable.[19] Resolving all ambiguities and doubts in favor of

---

[19]The court recognizes that 28 U.S.C. § 1441(c) (2006), which applies to this case because the suit was commenced prior to the effective date of the 2011 amendments to the removal statutes, see Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, 125 Stat. 758, § 105, allows a district court to remand "matters in which State law predominates" when "a separate and independent claim or cause of action" within federal question jurisdiction "is joined with one or more otherwise non-removable claims or causes of action." The court concludes, however, that Johnson's two causes of action are not "separate and independent." The court therefore need not resolve any potential conflict between
(continued...)

remand, see Manguno, 276 F.3d at 723, the court concludes that the entire case must be remanded.

## IV. Conclusion and Order

The court concludes that Johnson's gross negligence claim "arises under" the Texas workers' compensation statute. Pursuant to 28 U.S.C. § 1445(c) the action is therefore nonremovable. Accordingly, Johnson's Motion for Remand (Docket Entry No. 3) is **GRANTED**.

This action is **REMANDED** to the 125th Judicial District Court of Harris County, Texas. The clerk will promptly provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this the 1st day of March, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[19](...continued)
28 U.S.C. § 1441(c) (2006), which may allow the removal of some claims and the remand of others within the same civil action, and 28 U.S.C. § 1445(c), which prevents the removal of an entire action.